UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 05-23339-CIV-COOKE/BROWN

TJIN-A-TAM,

       Petitioner,

vs.

U.S. DEPARTMENT OF HOMELAND
SECURITY, CITIZENSHIP AND
IMMIGRATION SERVICES, BY AND
THROUGH DHS SECRETARY AND
USCIS DIRECTOR, OFFICER #27 AND
EVELYN M. UPCHURCH, DIRECTOR,
TEXAS SERVICE CENTER,

       Respondents.

_____/

## ORDER DENYING RESPONDENTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Respondents' Motion to Dismiss or, in the

Alternative Motion for Summary Judgment (DE 13), filed March 3, 2006.  Petitioner filed his

response on March 8, 2006.  The Respondents filed their reply on April 7, 2006.  The Court

having reviewed the Motion finds, for the reasons set forth below, that Respondents' Motion to

Dismiss or, in the alternative, Motion for Summary Judgment should be denied.

### I.    BACKGROUND

#### A.    ADMINISTRATIVE RECORD

Petitioner's Writ of Mandamus fails to provide detailed information concerning the

background of this case, therefore, the Court has reviewed the administrative record in this

-1-

matter and will attempt to parse the factual background of this case.  Petitioner is a Suriname

national who attended the University of Florida on a swimming scholarship.  In September of

2002, Petitioner filed an I-140 immigrant petition for alien worker based upon § 203(b)(1)(A) of

the Immigration and Nationality Act ("INA").  Pursuant to § 203(b)(1)(A) of the INA , 8 U.S.C.

§ 1153(b)(1)(a), an alien may receive an immigrant work visa if he or she possesses

extraordinary ability in the sciences, arts, education, business, or athletics.[1]  In June of 2003,

Petitioner filed an I-485 application for adjustment of status to lawful permanent resident.  The I-

485 application was based upon Petitioner's I-140 immigrant alien worker petition.  On

November 3, 2003, Petitioner's I-140 immigrant alien worker petition was denied for lack of

sufficient evidence establishing that Petitioner was of extraordinary ability for purposes of § 203

of the INA.  Petitioner's I-485 adjustment of status petition was denied on November 3, 2003 due

---

[1]Specifically, § 203(b)(1)(A) of the INA provides the following:
 (b) Aliens subject to the worldwide level specified in section 1151(d) of this
 title for employment-based immigrants in a fiscal year shall be allotted visas
 as follows:
  (1) Priority Workers: Visas shall first be made available in a number
  not to exceed 28.6 percent of such worldwide level, plus any visas not
  required for the classes specified in paragraphs (4) and (5), to
  qualified immigrants who are aliens described in any of the following
  subparagraphs (A) through (C):

  (A) Aliens with extraordinary ability: An alien is described in
  this subparagraph if – (i) the alien has extraordinary ability in
  the sciences, arts, education, business, or athletics which has
  been demonstrated by sustained national or international
  acclaim and whose achievements have been recognized in the
  field through extensive documentation, (ii) the alien seeks to
  enter the United States to continue work in the area of
  extraordinary ability, and (iii) the alien's entry into the United
  States will substantially benefit prospectively the United States.
 8 U.S.C. § 1153 (b)(1)(A).

to the denial of his underlying I-140 immigrant alien worker petition.  However, the denial of Petitioner's I-140 petition was withdrawn on January 29, 2004.  Consequently, on January 29, 2004 the denial of Petitioner's I-485 adjustment of status petition was withdrawn and Petitioner's I-485 petition for adjustment of status was reopened and scheduled for normal processing.  As of the date of this Order, however, Petitioner's I-485 application has yet to be adjudicated.[2]

### B.   PETITIONER'S ALLEGATIONS

Petitioner instituted this action on December 29, 2005 to "compel the Respondents to adjudicate pursuant to law and regulation the Application to Register Permanent Residence or Adjusrt [sic.] Status (I-485) filed by Petitioner on or about June 6, 2003."  Writ at ¶ 1.  In his Writ of Mandamus, Petitioner asserts that the agents responsible for adjudicating his I-140 application have acted irrationally with regard to his application.  Id. at ¶ 8.  Petitioner requests that this Court order the Respondents to adjudicate his application in a timely manner.  Id. at ¶ 9.

### II.   PROCEDURAL HISTORY

The Respondents filed their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on March 3, 2006.  Petitioner filed his response on March 8, 2006.  The Respondents filed their reply on April 7, 2006.  Thus, Respondents' Motion to Dismiss or, in the Alternative, Motion for Summary Judgement is ripe for adjudication.

---

[2]On February 27, 2007, this Court utilized the USCIS automated customer service line to obtain information concerning the current status of Petitioner's application.  Through this call the Court learned that Petitioner's application was transferred to USCIS's Miami office, on October 24, 2006, for purposes of conducting an interview in connection with the application; but Petitioner's application had yet to be adjudicated.

### III. STANDARD GOVERNING MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A motion to dismiss based on lack of subject matter jurisdiction can be raised at any time. Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc., 562 F.2d 938, 940 (5th Cir.1977).[3] In fact, the Federal Rules of Civil Procedure provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The Petitioner bears the burden of demonstrating that this action is within the Court's subject matter jurisdiction. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994) (party invoking jurisdiction bears burden of producing necessary facts to establish subject matter jurisdiction).

Attacks on subject matter jurisdiction made pursuant to Federal Rule of Civil Procedure 12(b)(1) come in two varieties: "facial attacks" and "factual attacks." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir.1990). Facial attacks on the complaint require a court to scrutinize the pleadings and determine whether the Petitioner has sufficiently alleged subject matter jurisdiction and the allegations in the complaint are taken as true for purposes of the motion. Id. at 1529 (internal citations omitted). However, factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (internal citations omitted). These two forms of attack differ substantially. On a facial attack, the Petitioner is afforded safeguards similar to those provided when opposing a 12(b)(6) motion. Specifically, the Court must consider the

_____

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

allegations of the complaint to be true.  Id.  However, in a factual attack a court's power to make findings of facts and to weigh the evidence turns on whether the factual attack on jurisdiction also implicates the merits of the Petitioner's cause of action.  Id.  In Lawrence, the Eleventh Circuit noted that if the facts necessary to sustain jurisdiction do not implicate the merits of Petitioner's cause of action, then: "[t]he trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  See id.  In short, no presumptive truthfulness attaches to Petitioner's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.  See id.  See also Morrison v. Amway Corp., 323 F.3d 920, 925-926 (11th Cir. 2003).  However, if a jurisdictional challenge implicates the merits of Petitioner's cause of action the court should treat the motion "as a direct attack on the merits" and proceed under either Rule 12(b)(6), which requires it to take the complaint at face value, or Rule 56.  Lawrence, 919 F.2d at 1529.

### IV.     Analysis

In his Writ, Petitioner contends that this Court has jurisdiction over this action pursuant to 5 U.S.C. § 704, 8 U.S.C. § 1329[4],  28 U.S.C. §§ 2201, 2202, 1331 and 1361.  The Respondents, however, contend that this Court lacks subject matter jurisdiction over this action.

---

[4]Petitioner relies upon § 1329 as a basis for jurisdiction in this action against the U.S. Department of Homeland Security and its officers despite the fact that § 1329 explicitly states "[n]othing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers."  8 U.S.C. § 1329.

In his opposition brief, Petitioner only addressed the issue of whether the Court has mandamus jurisdiction over this action.  <u>See</u> Opp. at 1.  Consequently, the Court will not address whether jurisdiction is appropriate under those statutes.[5]

### A.    THIS COURT HAS MANDAMUS JURISDICTION OVER THIS ACTION

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner."  28 U.S.C. § 1361.  "Mandamus is proper if (1) the Petitioners can show a clear right to the relief sought; (2) the Respondents have a clear, non-discretionary duty to act; and (3) no other remedy is available."  <u>Nyaga v. Ashcroft</u>, 323 F.3d 906, 911 (11th Cir. 2003) (<u>citing</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 617 (1984).

Contrary to the Respondents assertions, district courts possess mandamus jurisdiction over petitions to compel the Department of Homeland Security to adjudicate adjustment of status applications within a reasonable time period.  <u>See</u> <u>e.g.</u> <u>Yu v. Brown</u>, 36 F.Supp.2d 922, 925 (D.N.M. 1999); <u>Agbemaple v. INS</u>, No. 97-8547, 1998 WL 292441 (N.D. Ill. May 18, 1998); <u>Elkhatib v. Butler</u>, 2005 U.S. Dist. LEXIS 22858, No. 04-22407 (S.D. Fla. June 6, 2005).  Moreover, the Court is confounded by Respondents' assertion that Petitioner failed to exhaust his administrative remedies.  The Department of Homeland Security has failed to adjudicate Petitioner's application for adjustment of status and therefore there is no final decision for Petitioner to appeal.  Thus, in this scenario it seems apparent that there is no other remedy

---

[5]Although this Order does not address jurisdiction under the Administrative Procedure Act, it appears that the Court may also have subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 555(b), 706(1) and 28 U.S.C. § 1331.  <u>See</u> Ira Kurzban, IMMIGRATION LAW SOURCEBOOK 899-900 (10th ed. 2006-07).

available to Petitioner to compel the Respondents to adjudicate his application.  Consequently, this Court finds that it has mandamus jurisdiction over this action.

### B.        SUMMARY JUDGMENT IS NOT APPROPRIATE

Defendants alternatively request that this Court grant summary judgment in this matter. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial."  Celotex, 477 U.S. at 324.  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986).  See, Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,

475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule

56(c), its opponent must do more than simply show that there is some metaphysical doubt as to

the material facts").  However, the inferences to be drawn from the underlying facts must be

viewed in the light most favorable to the nonmoving party.  See Adickes v. S.H. Kress & Co.,

398 U.S. 144, 158-59 (1970).

To support their entitlement to summary judgment Defendants contend that USCIS did

not unreasonably delay the adjudication of Petitioner's application for adjustment of status.

However, on February 26, 2007, this Court reviewed the USCIS published processing timelines

for I-485 applications, which indicates that USCIS is currently processing applications filed on

August 21, 2006.  Petitioner's I-485 application has been pending since at least January 29,

2004.[6]  Thus, it appears that the processing time for Petitioner's application for adjustment of

status falls far outside of the normal processing window established for I-485 applications.

Moreover, in Defendants' Reply to Petitioner's Notice of Filing Defendants stated:

> The Plaintiff's I-140 has been pulled, and processing suspended, incident to a
> series of lawsuits and threatened lawsuits, a few of which are:

---

[6]As previously discussed, in June of 2003, Petitioner filed his I-485 application for adjustment of status to lawful permanent resident.  Petitioner's I-485 adjustment of status petition was denied on November 3, 2003 due to the denial of his underlying I-140 immigrant alien worker petition.  However, the denial of Petitioner's I-140 petition was withdrawn on January 29, 2004.  Consequently, on January 29, 2004 the denial of Petitioner's I-485 adjustment of status petition was withdrawn and Petitioner's I-485 petition for adjustment of status was reopened and scheduled for normal processing.  At this juncture, the Court will not address the issue of which date — June of 2003 or January 29, 2004 — is the operative filing date for Petitioner's I-485 application.  But the Court notes that Petitioner's I-485 application has been pending before the USCIS since at least January 29, 2004 (a period of over three years).

> (1)    Ansel Tjin A Tim [sic.] v. DHS, 05:2339 [sic.] S.D. Fla. Miami Div.    (filed Dec. 29, 2005);
>
> (2)    Bessenyei v. DHS, 1:05cv22177, S.D. Fla. Miami Division (filed Aug. 8, 2005);
>
> (3)    Ramiro Quintero v. DHS/CIS, 05-22003 (filed July 22, 2005);
>
> (4)    Alejandro Gomez v. DHS, 05-20823 (filed Mar. 23, 2005).

Def. Reply to Notice of Filing at 5.  This statement suggests that Petitioner's application may have been purposely delayed due to the practices of Petitioner's Counsel rather than normal administrative processing delays.  Therefore, the Court finds that a question of fact remains as to whether the delay in processing Petitioner's application is reasonable.

Accordingly, it is hereby

    **ORDERED AND ADJUDGED** that Respondents' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (DE 13) is **DENIED**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2007.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*