05-23339.o4

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number:   05-23339-CIV-COOKE-BROWN

ANSEL TJIN-A-TAM,

    Petitioner,

vs.

US DEPT. OF HOMELAND SECURITY
CITIZENSHIP and IMMIGRATION SERVICES
by and through DHS SECRETARY, USCIS
DIRECTOR, et al.,

    Respondents.
_____/

**ORDER RE: PETITIONER'S MOTION FOR THE COURT TO TAKE JURISDICTION
OF THE CASE UNDER THE ADMINISTRATIVE PROCEDURE ACT**

This matter is before this Court on Petitioner's Motion for the Court to Take Jurisdiction of the Case Under the Administrative Procedure Act (hereinafter "Motion"), D.E. 38.  Respondents have not filed a response to the Motion.  The Court has considered the Motion and all pertinent materials in the file.

In its Motion, Petitioner requests that this Court "take subject matter jurisdiction over his case pursuant to the Administrative Procedure Act, 5 U.S.C. 555(b), 706(1) ... ."  Petitioner offers a colorful rendition of the facts of this case, but offers no reasons in support of its request other than a footnote from a prior order issued by the District Judge stating that "it appears that the Court may ... have subject matter jurisdiction over this action pursuant to 5 U.S.C. [§§] 555(b), 706(1) and 28 U.S.C. [§] 1331."  Motion at ¶ 4; *see also* D.E. 24 at 6 fn. 5.  In said prior order, however, the

District Judge already decided that this Court has mandamus jurisdiction over this case, pursuant to 28 U.S.C. § 1361. D.E. 24 at 6-7. As stated by the District Judge, "[D]istrict courts possess mandamus jurisdiction over petitions to compel the Department of Homeland Security to adjudicate adjustment of status applications within a reasonable time period" (internal citations omitted). D.E. 24 at 6.

Without any reason proffered by Petitioner, this Court fails to see why it should "take subject matter jurisdiction over [this] case pursuant to the Administrative Procedure Act," when it already has jurisdiction over this matter pursuant to 28 U.S.C. § 1361.

Accordingly, and the Court being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Petitioner is hereby **ORDERED** to file a supplemental brief explaining why this Court should find jurisdiction under the Administrative Procedure Act, in light of the District Judge's prior order, D.E. 24, which already found mandamus jurisdiction pursuant to 28 U.S.C. § 1361. The said brief shall not exceed five (5) pages in length and shall be filed by or before Friday, August 3, 2007.

(2) Because the Motion was not responded to, the Court will not entertain any briefing on this matter by Respondents.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of July, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Honorable Marcia G. Cooke
Counsel of record