UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 05-23339-CIV-COOKE/BROWN

TJIN-A-TAM,

    Petitioner,

vs.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

    Respondents.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITHOUT PREJUDICE; ALTERNATIVE MOTION TO STAY PROCEEDINGS; AND ALTERNATIVE MOTION FOR PROTECTIVE ORDER

**THIS CAUSE** is before the Court upon Respondents' Motion to Dismiss Without Prejudice; Alternative Motion to Stay Proceedings; and Alternative Motion for Protective Order (DE 48), filed July 23, 2007. The Court having reviewed the Motion finds, for the reasons set forth below, that the Motion should be granted in part and denied in part.

**I.**     **BACKGROUND**

    **A.**     **PETITIONER'S ALLEGATIONS**

Petitioner instituted this action on December 29, 2005 to "compel the Respondents to adjudicate pursuant to law and regulation the Application to Register Permanent Residence or Adjusrt [sic] Status (I-485) filed by Petitioner on or about June 6, 2003." Writ at ¶ 1. In his Writ of Mandamus, Petitioner asserts that the agents responsible for adjudicating his I-140 application have acted irrationally with regard to his application. Id. at ¶ 8. Petitioner requests that this Court order the Respondents to adjudicate his application in a timely manner. Id. at ¶ 9.

### B.   ADMINISTRATIVE RECORD

Petitioner's Writ of Mandamus fails to provide detailed information concerning the background of this case, therefore, the Court has reviewed the administrative record in this matter and will attempt to parse the factual background of this case. Petitioner is a Suriname national who attended the University of Florida on a swimming scholarship. In September of 2002, Petitioner filed an I-140 immigrant petition for alien worker based upon § 203(b)(1)(A) of the Immigration and Nationality Act ("INA"). Pursuant to § 203(b)(1)(A) of the INA , 8 U.S.C. § 1153(b)(1)(a), an alien may receive an immigrant work visa if he or she possesses extraordinary ability in the sciences, arts, education, business, or athletics.[1] In June of 2003, Petitioner filed an I-485 application for adjustment of status to lawful permanent resident. The I-485 application was based upon Petitioner's I-140 immigrant alien worker petition. On

---

[1] Specifically, § 203(b)(1)(A) of the INA provides the following:
(b) Aliens subject to the worldwide level specified in section 1151(d) of this title for employment-based immigrants in a fiscal year shall be allotted visas as follows:

(1) Priority Workers: Visas shall first be made available in a number not to exceed 28.6 percent of such worldwide level, plus any visas not required for the classes specified in paragraphs (4) and (5), to qualified immigrants who are aliens described in any of the following subparagraphs (A) through (C):

(A) Aliens with extraordinary ability: An alien is described in this subparagraph if – (i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation, (ii) the alien seeks to enter the United States to continue work in the area of extraordinary ability, and (iii) the alien's entry into the United States will substantially benefit prospectively the United States.

8 U.S.C. § 1153 (b)(1)(A).

November 3, 2003, Petitioner's I-140 immigrant alien worker petition was denied for lack of sufficient evidence establishing that Petitioner was of extraordinary ability for purposes of § 203 of the INA. Petitioner's I-485 adjustment of status petition was denied on November 3, 2003 due to the denial of his underlying I-140 immigrant alien worker petition. However, the denial of Petitioner's I-140 petition was withdrawn on January 29, 2004. Consequently, on January 29, 2004 the denial of Petitioner's I-485 adjustment of status petition was withdrawn and Petitioner's I-485 petition for adjustment of status was reopened and scheduled for normal processing. As of the date of this Order, however, Petitioner's I-485 application has yet to be adjudicated. Furthermore, on July 18, 2007, the USCIS issued another notice of intent to revoke Petitioner's I-140 application. In that notice, the USCIS stated that "evidence was not provided to show Mr. Tjin-A-Tam's involvement in the field of competitive swimming at any level." Resp. to Order to Show Cause, Ex. 2. Additionally, the July 18, 2007 notice of intent to revoke indicated that Petitioner never swam full-time at the national or international level and Petitioner's current employment does not involve training other swimmers for competition. Thus, the administrative record indicates that Petitioner's I-140 application, which serves as the basis for his I-485 application, may be revoked altogether.[2]

## II. PROCEDURAL HISTORY

Respondents filed their Motion Motion to Dismiss Without Prejudice; Alternative Motion to Stay Proceedings; and Alternative Motion for Protective Order (DE 48) on July 23, 2007. In accordance with Southern District of Florida Local Rule 7.1(C), Petitioner was required to file an opposition brief not later than ten days after service of Respondents' Motion. S.D.Fla. L.R.

---

[2]On August 14, 2007, this Court utilized the USCIS automated customer service line to obtain information concerning the current status of Petitioner's application. Through this call the Court learned that Petitioner's I-140 application remains pending before the USCIS.

7.1(C).  Thus, Petitioner's opposition brief was due on or before August 9, 2007.  As of the date of this Order Petitioner has not filed an opposition.  Petitioner's failure to file an opposition brief may be deemed sufficient cause for granting Respondents' Motion by default.  Id.  However, in an effort to ensure fairness the Court shall consider the merits of Respondents' Motion rather than simply granting the Motion by default.

### III.   ANALYSIS

#### A.   THIS MATTER SHALL BE STAYED

In their Motion, Respondents contend that they are actively processing Petitioner's I-140 and I-485 applications.  Respondents further contend that if Petitioner's I-140 application is revoked then his I-485 application would necessarily be denied as the I-140 application serves as the basis for the I-485 application.  Additionally, Respondents argue that if Petitioner's I-140 application is revoked then Petitioner may exercise his administrative appeal rights thereby negating the need for judicial intervention.  As a result, the Respondents request that the Court dismiss this action without prejudice or alternatively stay this matter so that the USCIS may complete adjudication of Petitioner's applications.  After reviewing the record in this matter, the Court is unwilling to dismiss this action, however, the Court finds that a stay is appropriate.

Pursuant to 8 C.F.R. § 205.2(d) a petitioner or self petitioner may appeal the decision to revoke the approval of an I-140 petition.  8 C.F.R. § 205.2(d).  Consequently, it appears that if Petitioner's I-140 application was revoked then he would be entitled to an administrative appeal of that decision thereby negating the need for this Court's intervention.  Moreover, it is doubtful that this Court would even have jurisdiction to intervene in this administrative action should the USCIS revoke the approval of Petitioner's I-140 application.  The United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court

define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted).  Thus, where the U.S. Government does not consent to suit federal courts lack jurisdiction.  The Administrative Procedure Act ("APA") serves as a waiver of sovereign immunity with regard to specific suits against the U.S. Government and its employees.  See 5 U.S.C. § 702.  Nevertheless, the APA does not give federal courts unfettered authority over federal agencies.  Pursuant to the APA judicial review is limited to final agency decisions.  See 5 U.S.C. § 704.  As a result, it is highly unlikely that the Court would have jurisdiction to intervene in an administrative action where the Petitioner is free to exercise administrative appellate rights.

Moreover, in his Writ of Mandamus Petitioner requested that the Court direct the Respondents to adjudicate his applications.  At the present time, it appears that the Respondents are actively adjudicating Petitioner's I-140 application as the USCIS has taken steps to process the application as late as July 18, 2007.  Moreover, given that Petitioner's I-485 application is based upon his I-140 application it appears that Petitioner is receiving the relief which he requested in his Writ.  The Court, therefore, finds that it would be prudent and just to stay this matter to grant the USCIS a reasonable period of time to complete the adjudication of Petitioner's I-140 and I-485 applications.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This case is **STAYED** for a period of 180 days so that Respondents may complete the adjudication of Petitioner's I-140 and I-485 applications. Respondents, however, must file a status report with this Court every **thirty (30) days** beginning on **September 20, 2007**. The status report must describe in detail what steps are being taken to process Petitioner's

        applications as well as set forth a reasonable time-line for the completion of the adjudication process.  Respondents are forewarned that the Court will not hesitate to lift the stay in this matter should it learn that the Respondents have failed to adjudicate Petitioner's applications within the parameters set forth in this Order.

2.    In the interim, the Clerk is directed to **CLOSE** this matter for administrative purposes only.  All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of August, 2007.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*